**TEXAS ALCOHOLIC BEVERAGE COMMISSION, Appellant,**

v.

**J. SQUARE ENTERPRISES, Appellee.**

**No. 05–82–00262–CV.**

Court of Appeals of Texas, Dallas.

April 8, 1983.

W. Reed Lockhoof, Austin, for appellant.

Jerry N. Jordan, Dallas, for appellee.

Before STEPHENS, SPARLING and VANCE, JJ.

STEPHENS, Justice.

The Texas Alcoholic Beverage Commission (TABC) appeals from an order of the district court which reversed a prior order of the TABC for lack of substantial evidence. We affirm the order of the district court.

The TABC brought administrative proceedings against J. Square Enterprises for violation of section 106.13 of the Alcoholic Beverage Code, which makes it an offense to knowingly sell an alcoholic beverage to a minor or to knowingly permit a minor to consume alcohol on the premises. After a hearing, the examiner filed findings of fact and conclusion of law and made the following recommendation:

> Susan Elizabeth Draper, agent of the respondent in charge at the time in question, either knew or *should have known* of the presence and activities of two minors present on the licensed premises on the evening in question. The respondent and its agent have a duty to know the events that are occurring on their licensed premises at all times. However, due to the short interval of time in which these minors were allowed to possess the beer and due to the fact that the minors themselves did not buy the beer from the respondent but rather sent a surrogate to do the buying for them, the Hearings Examiner recommends that the license of the respondent be suspended for a period of only three days or that the respondent pay a civil penalty in the amount of $450.00. [emphasis added.]

On November 18, 1981, an assistant administrator entered an order adopting this recommendation.

On appeal, the district court reversed, holding that the TABC had produced no evidence that the agent for J. Square Enterprises had actually known that minors were consuming alcohol on the premises, but had only shown that she should have known of that fact. The district court further stated its opinion that no violation of section 106.13 occurs unless there is evidence of actual knowledge.

TABC asserts, in its sole point of error, that the district court erred in reversing TABC's administrative order. We will not consider the appellee's brief, it having not been filed until the day of submission, some nine months beyond the time permitted by Tex.R.Civ.P. 414.

■ Appeals from an order of the TABC must be tested under the substantial evidence rule. Tex.Alco.Bev.Code § 11.67(b) (Vernon Supp.1982–1983). In practical result, it does not take much evidence to qualify as substantial. In fact the evidence may be substantial and yet greatly preponderate the other way. *Lewis v. Metropolitan Savings and Loan Association,* 550 S.W.2d 11 (Tex.1977).

■ In the present case, the district court concluded that the TABC's order was based on an erroneous theory of law, and that there was a complete lack of evidence in the record from which one might reasonably infer that the agent for J. Square Enterprises actually knew that minors were consuming alcohol on the premises. We agree. Section 106.13 makes it an offense to "knowingly permit" a minor to consume alcohol on the premises. Although "knowingly" is not defined in the Alcoholic Beverage Code, the Penal Code states that a person acts knowingly "when he is aware of the nature of his conduct or that the circumstances exist." Tex.Penal Code Ann. § 6.03(b) (Vernon 1974). Additionally, the Code Construction Act requires that words be construed according to common usage and given their plain meaning. Tex.Rev. Civ.Stat.Ann. art. 5429b–2, § 2.01 (Vernon

Supp.1982–1983); *Campos v. State,* 623 S.W.2d 657 (Tex.Cr.App.1981). None of these authorities suggest that "knowingly" could include "should have known." Therefore, the TABC's order was based upon a recommendation which was premised on an erroneous theory of law. A review of the hearing examiner's findings of fact reveals no findings from which we could reasonably infer actual knowledge on the part of the agent for J. Square Enterprises. Appellant's point of error is overruled.

Affirmed.