Ben Roland TALAMANTEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–88–00581–CR.

Court of Appeals of Texas,
San Antonio.

April 11, 1990.
Rehearing Denied May 11, 1990.

Roy E. Greenwood, Austin, for appellant.

Alger H. Kendall, Jr., Dist. Atty., Karnes City, for appellee.

Before BUTTS, CHAPA and PEEPLES, JJ.

## OPINION

CHAPA, Justice.

Appellant was indicted for the offense of Misapplication of Fiduciary Property of a value over two hundred dollars, a third degree felony. TEX.PENAL CODE ANN. § 32.45(c)(2) (Vernon 1989). The indictment alleged that appellant

> did then and there intentionally and knowingly misapply by dealing with property contrary to an agreement under which the Actor held the property, to-wit: lawful money of the United States [sic] of the value of $280.00 he held as a fiduciary but not as a commercial bailee to-wit: as insurance agent, he dealt with the money in a manner that involved substantial risk of loss to James A. Keylick, the owner of said property, by then and there receiving the money for the specific purpose of obtaining insurance for his automobile and the Actor received the money, and failed and refused to obtain insurance for James A. Keylick in a timely manner.

Appellant pled guilty to this indictment, judicially confessing that all the allegations in the indictment were true and correct. The court assessed a two thousand dollar fine and placed appellant on deferred adju-

dication probation for five years. A little more than a year later the State filed a petition to revoke appellant's probation, alleging forty-four violations of state law. Appellant's probation was revoked and the trial court assessed his punishment at ten years' confinement and an additional fine. Appellant then filed a motion for new trial which was overruled.

Appellant raises three points of error on appeal. He contends the statute under which he was prosecuted is impermissibly vague as applied to him, that he should have been prosecuted instead under the general theft statute, and that he received ineffective assistance of counsel. We affirm.

■ In his first point of error appellant contends that § 32.45, *supra,* is unconstitutional as applied to him, because its terms are too vague to provide notice of the proscribed conduct. The statute provides that

A person commits an offense if he intentionally, knowingly, or recklessly misapplies property he holds as a fiduciary . . . in a manner that involves substantial risk of loss to the owner of the property . . .

§ 32.45(b), *supra.* Under the statute, "fiduciary" includes:

(A) trustee, guardian, administrator, executor, conservator, and receiver;

(B) any other person acting in a fiduciary capacity, but not a commercial bailee
. . .

It is this second "definition" that was applied to appellant by the indictment in his cause.

Appellant's attack on the constitutionality of this statute focuses on the terms "fiduciary" and "commercial bailee." He contends that the statutory definition of "fiduciary" is insufficient to notify him as an independent insurance agent that he would be considered a fiduciary. He further contends that because the term "commercial bailee" is not defined either in the statute or anywhere else in Texas law, the common understanding of that term applies to his conduct, exempting him from prosecution. In the alternative he argues that the statute is unconstitutionally vague because "commercial bailee" is undefined.

■ All criminal laws must give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden. *Papachristou v. City of Jacksonville,* 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972). In a case such as this, where no First Amendment rights are involved, the reviewing court need only scrutinize the statute to determine whether it is impermissibly vague as applied to appellant's specific conduct. *Bynum v. State,* 767 S.W.2d 769, 774 (Tex.Crim.App.1989). Appellant must show that the statute in its operation is unconstitutional to him in his particular situation. *Id.*

Appellant is an independent insurance agent. The State alleged and appellant confessed that he accepted more than two hundred dollars from the complainant knowing the money was to be used to purchase automobile insurance for the complainant. Appellant did not, however, purchase the insurance, as the complainant discovered when he was ticketed for failure to maintain liability insurance. It is in this factual context that appellant's constitutional challenge must be reviewed.

■ We agree the statute under attack is not a model of legislative draftsmanship. The essential term "fiduciary" is defined only self-referentially ("person acting in a fiduciary capacity"), and "commercial bailee" is completely undefined. However, a statute is not unconstitutionally vague merely because the terms used are not specifically defined. *Bynum, supra.* If the words have a common usage they are not unconstitutionally vague.

■ "Fiduciary" has such a common meaning. *Showery v. State,* 678 S.W.2d 103, 107 (Tex.App.—El Paso 1984, pet. ref'd). Appellant need not be familiar with case law or treatises to discern its meaning. He need look no further than a lay dictionary. *Id.* Webster's Third New International Dictionary (1981 ed.) defines fiduciary as "holding, held, or founded in trust or confidence." Simply, a fiduciary is one in whom another has justifiably reposed confidence to act in a certain man-

ner.[1] Applying this definition, it is obvious appellant was acting in a fiduciary capacity when he accepted money to purchase automobile insurance. The complainant trusted appellant to perform this function, and appellant was aware of that trust. The statute clearly prohibited appellant's conduct. *Showery, supra.*

■ Appellant's claim that he could not tell whether he was exempted from the statute as a commercial bailee is also meritless. The word bailee also has a common usage, again found in Webster's: "the person to whom goods are committed in trust and who has a temporary possession and a qualified property in them for the purposes of the trust." "Bailment," the acceptance of the bailee by these goods, is defined as "a delivery of personal property by a bailor to a bailee for specific purposes under an express or implied agreement of the parties that when those purposes are accomplished the property will be returned to the bailor, kept until he reclaims it, or disposed of according to the agreement." The adjective "commercial," used in the statute, means the bailee performs this function for a fee or otherwise as part of his business.

This does not describe appellant's function in the transaction for which he was indicted. He did not accept goods from the complainant for temporary storage, to be returned or passed on at a later date. In its common usage commercial bailee would refer to, for example, a warehouse manager, not an insurance agent such as appellant. Appellant accepted money for a specific purpose, to be used immediately to buy automobile insurance. Clearly he was acting as a fiduciary and not as a commercial bailee. The terms in the statute provided fair notice to appellant that his conduct was prohibited.

This holding is buttressed by the fact that appellant did not claim lack of notice through a motion to quash the indictment before pleading guilty to it. He obviously understood the offense with which he was charged and confessed he had violated the statute.

As the Court of Criminal Appeals has held in *Bynum, supra,* "it is evident that § 32.45, *supra,* is quite clear in the conduct it proscribes." 767 S.W.2d at 775. Appellant's claim in his first point of error that the statute is unconstitutionally vague as applied to him is overruled.

■ In his second point of error appellant contends that the Misapplication of Fiduciary Property statute under which he was prosecuted is in *pari materia* with the general theft statute, TEX.PENAL CODE ANN. § 31.03 (Vernon 1989). He further argues that under the particular circumstances of this case the theft statute is more specific, so that he should have been prosecuted under that provision rather than § 32.45, *supra.*

■ Statutes that deal with the same general subject, have the same general purpose, or relate to the same person or thing or class of persons or things, are considered to be in *pari materia* with each other and must be construed together. *Cheney v. State,* 755 S.W.2d 123, 126 (Tex. Crim.App.1988) (en banc). "The rule applies with particular force where both a 'general' penal statute and a 'special' penal statute more specifically proscribing the same particular acts are involved." *Id.* In such a case, the defendant is entitled to be charged under the special statute, which more particularly describes his conduct. However, this rule applies only when the statutes are in *pari materia.* In this case we find the misapplication of fiduciary

---

1. This holding is in accord with well-settled law in the context of civil litigation, in which it has been held that an agent who accepts money from a principal to be used for a specific purpose owes a fiduciary duty to the principal. *City of Fort Worth v. Pippen,* 439 S.W.2d 660, 665 (Tex.1969). Specifically, an insurance agent who has agreed to obtain insurance owes his client the legal duty to do so. *Wesson v. Jeffer-*
son Sav. & Loan Ass'n, 641 S.W.2d 903 at n. 1 (Tex.1982). An insurance agent "owes his clients the greatest possible duty." *Trinity Universal Ins. Co. v. Burnette,* 560 S.W.2d 440, 442 (Tex.App.—Beaumont 1977, no writ).

For discussion of fiduciary duties, *see generally Texas Bank and Trust Co. v. Moore,* 595 S.W.2d 502 (Tex.1980); *Thigpen v. Locke,* 363 S.W.2d 247 (Tex.1962).

property statute is not in *pari materia* with the statute prohibiting theft.

For the statutes to be in *pari materia,* the defendant's conduct must violate both statutes. *Cheney, supra,* at 127. The State charged that appellant misapplied fiduciary property. The elements of this offense are that (1) a person acting in a fiduciary capacity (2) intentionally, knowingly, or recklessly deals with property contrary to the agreement under which he holds it (3) in a manner that involves substantial risk of loss (4) to the owner of the property. § 32.45, *supra.*

The elements of theft are (1) a person (2) unlawfully appropriates property (3) with intent to deprive (4) the owner of property. § 31.03(a), *supra.* "Deprive" means "to withhold property from the owner permanently or for so extended a period of time that a major portion of the value or enjoyment of the property is lost to the owner." § 31.01(3)(A), *supra.*

It is readily apparent that these statutes are aimed at different classes of persons. Any person may commit theft. Only one in a position of trust may commit misapplication of fiduciary property. It is further apparent that the indictment's allegations against appellant did not describe the offense of theft. The indictment alleged only that appellant failed and refused to obtain the insurance he had promised to purchase for the complainant. It did not allege that appellant appropriated the money to his own use. The theft statute prohibits conduct resulting in the *"actual acquisition* of property" unlawfully. *Cheney, supra,* at 129 (emphasis in original). A fiduciary, however, commits an offense only if he deals with the property contrary to the agreement under which he holds it.

The practice commentary to § 32.45 says, "It is not an element of the offense that the actor or anyone else receive a benefit from the misapplication. If he does receive a benefit, there may also be a violation of Chapter 31 (theft)." Because the allegations against appellant did not include an allegation that appellant acquired the property for himself, he could not have been convicted of theft. Because the indictment did not describe a violation of both the theft and misapplication statutes, the statutes were not in *pari materia* in this case. Though by adding allegations to the indictment the State could perhaps have charged appellant with theft, the State was not required to do so. The State had the option of choosing which offense to prosecute. *Alejos v. State,* 555 S.W.2d 444, 451 (Tex.Crim.App.1977) (Opinion on Rehearing). Appellant was not entitled to be tried under the theft statute. His second point of error is overruled.

In his third and final point of error, appellant claims he was denied the effective assistance of counsel when he entered his plea of no contest. This point of error depends on appellant's successfully urging either of his first two points. He contends his trial counsel was ineffective for failing to raise in the trial court the legal issues addressed in appellant's first two points of error. These issues should have been urged, in appellant's opinion, before counsel advised or allowed appellant to plead no contest to the indictment. However, as we have found the claims in appellant's first two points of error to be meritless, raising those claims in the trial court would not have changed the outcome of the proceeding. Therefore, appellant has not met his burden of showing ineffective assistance under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and *Hernandez v. State,* 726 S.W.2d 53 (Tex.Crim.App.1986) (en banc). His third point of error is overruled.

Having found no reversible error, we affirm the judgment of the trial court.