**J. & J. BEVERAGE CO., INC., et al., Appellant,**

v.

**TEXAS ALCOHOLIC BEVERAGE COMMISSION, et al., Appellee.**

**No. 05–90–00989–CV.**

Court of Appeals of Texas, Dallas.

June 11, 1991.

Henry J. Ackels, Dallas, for appellant.

W. Reed Lockhoof, Austin, for appellee.

Before STEWART, THOMAS and MALONEY, JJ.

## OPINION

THOMAS, Justice.

In this case of first impression arising from the sale of beer to a minor, we are confronted with an issue concerning conflicting culpable mental states as they relate to the Texas Alcoholic Beverage Commission's right to cancel or suspend a retail dealer's license under the Texas Alcoholic Beverage Code. For the reasons stated herein, we hold that, in order to cancel or suspend a retail dealer's license for selling beer to a minor, the licensee must have "knowingly" sold the beer to the minor. Therefore, we sustain the first and second points of error, reverse the trial court's judgment, and set aside the order suspending J & J Beverage Company's license.

### FACTUAL BACKGROUND

J & J holds a wine and beer retailer's off-premise permit for a business known as S & S Beer & Wine. Paul Scott, an agent with the Commission, began watching S & S for possible violations of the Alcoholic Beverage Code. Scott observed a man with a youthful appearance and wearing a Marine Corps uniform enter the store. The young man, later identified as Christopher Balcazar, walked over to a cooler and picked up a twelve-pack of beer. Balcazar then took the beer to the check-out stand and, after a brief conversation with the

clerk, Daniel Pescatore, paid for the beer. Balcazar left the store, got into his car, and drove away. Scott stopped him a short time later and, after determining that Balcazar and his passenger were under twenty-one years of age, ticketed them both for being minors in possession of alcohol.

Pescatore told Scott that he had been busy that night and had forgotten to ask Balcazar to show proof of age. Pescatore further stated that he thought that Balcazar had bought beer there before and that on a previous occasion Balcazar had shown him proof that he was over twenty-one years old.[1] Scott then ticketed Pescatore for making alcohol available to a minor.

After notice and hearing, the Commission found that Pescatore was criminally negligent in selling beer to a minor and ordered J & J's license suspended for five days or payment of a $750 civil fine in lieu of suspension.[2] J & J appealed the suspension order to the district court, which affirmed the order of the Administrator of the Commission.

### STATUTORY PROVISIONS

■ There are three statutory provisions at issue in this dispute. The first is section 61.71(a)(1), which permits suspension of a retailer's license for any violation of the Alcoholic Beverage Code. Tex.Alco.Bev. Code Ann. § 61.71(a)(1) (Vernon Supp. 1991).[3] The second is section 106.03, which states that it is an offense for any person to sell with *criminal negligence* an alcoholic beverage to a minor. The third is section 61.71(a)(5), which authorizes the Administrator to cancel or suspend a retailer's license on finding that the licensee *"knowingly sold, served, or delivered beer to a minor."* (Emphasis added.) The Commission's position was that Pescatore was criminally negligent in selling the beverage to Balcazar and that this violation sup-

ported the suspension of J & J's license. Thus, the suspension was based upon a combination of the catch-all provision of section 61.71(a)(1) and the violation of section 106.03.

In the first point, J & J maintains that, because section 61.71(a)(5) deals specifically with sales of beer to minors, the Administrator erred in applying the catch-all provision to sales of beer to minors, and the trial court erred in affirming the suspension order. J & J contends that, since the statutes are conflicting, the specific prohibition against selling beer to minors should prevail over the general prohibition against selling alcoholic beverages to minors. In the second point, J & J further argues that, since 61.71(a)(5) is the controlling provision, the findings of fact and conclusions of law do not support the judgment because there was no finding or conclusion that Pescatore *knowingly* sold beer to a minor.

### STATUTORY CONSTRUCTION

■ When two statutes concern the same subject matter, they are to be construed in such a way as to give meaning to both. *See Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 301 (Tex.1990); *Cheney v. State*, 755 S.W.2d 123, 126 (Tex.Crim.App. 1988); *Talamantez v. State*, 790 S.W.2d 33, 36 (Tex.App.—San Antonio 1990, pet. ref'd). In order to prevent the implicit repeal of one of the statutes, the more specific provisions of one control over the more general provisions of the other. *Talamantez*, 790 S.W.2d at 36; *Culver v. Miers*, 220 S.W.2d 200, 203 (Tex.Civ.App.— Eastland 1949, writ ref'd).

Selling beer to a minor is prohibited by both section 61.71(a)(5) and section 106.03. The only difference between the two provisions is that under section 61.71(a)(5) there is a higher culpable mental state and it is limited to beer. Thus, the Legislature has

---

1. At the Commission hearing, Balcazar, who was nineteen at the time of the incident, testified that he had bought beer at that and other S & S stores about five times before and that he had never been asked his age or to show proof of his age.

2. The violations of an employee of a licensee are grounds for the suspension of the licensee's license. *See* Tex.Alco.Bev.Code Ann. § 61.71(d) (Vernon 1978).

3. All further statutory references are to Tex.Alco. Bev.Code Ann. (Vernon Supp.1991) unless otherwise indicated.

distinguished beer from other alcoholic beverages in this provision and has specifically provided the culpable mental state of "knowingly" to selling, serving, and delivering beer to a minor. Section 61.71(a)(5) is therefore more specific than the combination of sections 61.71(a)(1) and 106.03, which has a lower culpable mental state and concerns sales of alcoholic beverages generally. If the combination of sections 61.71(a)(1) and 106.03 applies to criminally negligent sales to minors of beer as well as all other alcoholic beverages, then the section prohibiting knowingly selling beer to minors will cease to have meaning. In order to prevent the implicit repeal of the more specific provision, we interpret section 61.71(a)(1) combined with section 106.-03 as permitting the cancellation or suspension of a retail dealer's license for selling with criminal negligence any alcoholic beverage *except* beer to a minor. We interpret section 61.71(a)(5) as controlling the cancellation or suspension of the license for selling, serving, or delivering beer to a minor. Because the Administrator did not find that Pescatore knowingly sold beer to a minor, we hold that the trial court erred in affirming the suspension of J & J's license. Accordingly, we sustain the first and second points, reverse the trial court's judgment, and render judgment setting aside the suspension of J & J's license.