

# Office of the Attorney General
## State of Texas

DAN MORALES
ATTORNEY GENERAL

May 4, 1992

Ms. Jeannene Fox
Acting Administrator
Texas Alcoholic Beverage Commission
P. O. Box 13127
Austin, Texas 78711-3127

Opinion No. DM-115

Re: Authority of the Alcoholic Beverage Commission to adopt a rule regarding the sale of alcohol to minors   (RQ-264)

Dear Ms. Fox:

Alcoholic Beverage Code section 106.13(a) authorizes the Alcoholic Beverage Commission to cancel or suspend a license or permit to sell alcoholic beverages "if it is found, on notice and hearing, that the licensee or permittee *knowingly* sold, served, dispensed, or delivered an alcoholic beverage to a minor in violation of this code." (Emphasis added.)  Section 61.71(a)(5) provides similarly that the commission may suspend a licensees license if it is found that the licensee "*knowingly* sold . . . beer to a minor." (Emphasis added.)  You ask whether the Texas Alcoholic Beverage Commission (hereinafter the commission) may provide by rule that if a licensee or permitee "sells alcohol to a minor and refuses to ask the minor to show proof of age by displaying an apparently valid Texas Driver's license or an identification card issued by the Texas Department of Public Safety, he is presumed to have done so with knowledge that the person is a minor." You say that "[t]his presumption unless rebutted by credible evidence [would establish] a prima facie case of a violation under § 61.71(a)(5) and § 106.13(a)."  Section 5.31 of the code authorizes the commission to prescribe rules necessary to carry out the code's provisions.

In *Texas Alcoholic Beverage Comm'n v. J. Square Enters.*, 650 S.W.2d 531 (Tex. App.--Dallas 1983, no writ) the court of appeals upheld a district court's reversal of a commission order suspending the license of, or alternatively imposing a monetary civil penalty[1] on, a licensee for selling or serving an alcoholic beverage to

---

[1]Subsection (c) and (c)(1) of section 106.13 permits the commission to "assess a sanction the commission . . . finds just" if it is determined "that the violation could not reasonably have been prevented . . . by the exercise of due diligence." The *J. Square Enterprises* court noted that the commission had, in view of the circumstances of the alleged violation, ordered either "that the license

a minor. The commission in its order had concluded, under section 106.13, that although "the minors themselves did not buy the beer from the respondent but rather sent a surrogate to do the buying for them," the licensee's agent "either knew or *should have known* of the presence and activities of [the] two minors." *Id.* at 531 (emphasis added by the court). Noting that appeals from commission orders were "tested under the substantial evidence rule" and "[i]n practical result, it does not take much evidence to qualify as substantial," the appeals court nevertheless upheld the district court's finding "that there was a complete lack of evidence in the record from which one might reasonably infer that the agent for J. Square Enterprises actually knew that [the] minors were consuming alcohol on the premises." *Id.* at 532; *see also* Alco. Bev. Code § 11.67 (appeal of commission order is under substantial evidence rule). Citing *inter alia* the Penal Code definition (in section 6.03 of that code) that a person acts "'knowingly'" "'when he is aware of the nature of his conduct or that the circumstances exist,'" the court concluded that none of the authorities "suggest that 'knowingly' could include 'should have known.'" 650 S.W.2d at 532. "A review of the hearing examiner's findings of fact reveals no findings from which we could reasonably infer actual knowledge on the part of the agent for J. Square Enterprises." *Id.*

We understand the *J. Square Enterprises* court's construction of the "knowingly" requirement of the applicable statutes to mean that evidence of the licensee's or permittee's *actual knowledge* that he is selling alcoholic beverages to a minor is required in order for the commission to cancel or suspend a licence or permit thereunder. The proposed commission rule you ask about would, it appears, permit the commission to cancel or suspend a license or permit on the mere showing that the licensee or permittee 1) sold alcoholic beverages to a minor and 2) failed to ask for specified types of identification. We do not believe such evidence would, in itself, constitute evidence of "actual knowledge" on the part of the licensee or permittee that he was selling alcoholic beverages to a minor. Nor do we think the characterization of the rule as a "rebuttable presumption" saves it: the respondent licensee's or permittee's failure to rebut the rule's presumption (*i.e.*, his failure to show that, notwithstanding his having neglected to obtain the requisite identification, he did not actually know the buyer was a minor) would not constitute the evidence of his "actual knowledge" which the statutes, per *J. Square Enterprises* require. *See also Starr v. State*, 734 S.W.2d 52, 53 (Tex. App.--Houston [1st Dist.]

---

(footnote continued)
of the respondent be suspended for a period of only three days or that the respondent pay a civil penalty in the amount of $450.00." 650 S.W.2d at 531.

1987, no writ) ("knowingly" in criminal provision, section 106.03, making it an offense to "knowingly"[2] sell to a minor, requires proof that seller knew buyer was a minor, although such knowledge may be inferred from circumstances; noting that "[p]roof that the defendant 'should have known' the minor's age is insufficient, even in a civil suit to revoke a liquor license" (citing *J. Square Enterprises*)); *Wishnow v. Texas Alcoholic Beverage Comm'n*, 757 S.W.2d 404, 409 (Tex. App.--Houston [14th Dist.] 1988, writ denied) (approving *J. Square Enterprises* because "the statute affirmatively requires a showing of knowledge and the Commission had made no such showing").

We note, in support of our conclusion, that section 106.03 of the Alcoholic Beverage Code, which makes it a criminal offense to sell alcoholic beverages to a minor,[3] provides in subsection (b) that there is no offense if the minor has displayed specified kinds of identification indicating he is not a minor. We think it would be inconsistent, without affirmative statutory authority, to conclude that the commission could, in a civil proceeding under sections 106.13(a) and 61.71(a)(5), transform what is an affirmative defense under the criminal provision into a presumption that the licensee or permittee has violated the statute.

Consequently, it is our opinion that the proposed commission rule you ask about, which would establish a "rebuttable presumption" that a licensee or permittee had "knowingly"[4] sold alcoholic beverages to a minor where it was shown that the

---

[2]*See infra* note 4.

[3]*See infra* note 4.

[4]In line with your question, we limit this opinion to the issue of the propriety of the proposed rule vis a vis proof of *knowledge*. We note that the criminal provision in section 106.03(a) was amended in 1987 to make it an offense to sell *with criminal negligence* an alcoholic beverage to a minor. Acts 1987, 70th Leg., ch. 582, § 1, at 2298. *See also* Penal Code § 6.03(d) (defining 'criminal negligence'). However, the civil provisions governing permit and license cancellations and suspensions which you ask about, sections 61.71(a)(5) and 106.13(a) continue to use the word "knowingly." *See* in this regard, *J. & J. Beverage Co. v. Texas Alcoholic Beverage Comm'n*, 810 S.W.2d 859, 861 (Tex. App--Dallas 1991, no writ) (which held that under the specific provision of section 61.71(a)(5), the "knowingly" standard governs cancellation or suspension of license for selling beer to minors, but stated in *dicta* that section 61.71(a)(1), authorizing suspension or cancellation for violation of a provision of this code, in conjunction with section 106.03(a) permits "the cancellation or suspension of a retail dealer's licence for selling with criminal negligence any alcoholic beverage *except* beer") (emphasis in original). The court did not allude to the specific provisions of section 106.13(a) for cancellation and suspension for "knowingly" selling, serving, etc. "alcoholic beverages" to a minor.

seller had failed to request proper identification, would be invalid as inconsistent with the applicable statutory provisions as interpreted by the courts. *See Kelly v. Industrial Accident Bd.*, 358 S.W.2d 874 (Tex. Civ. App.--Austin 1962, writ ref'd).

### S U M M A R Y

A proposed rule of the Alcoholic Beverage Commission which would establish a "rebuttable presumption" that a licensee or permittee had "knowingly" sold alcoholic beverages to a minor where it was shown that the seller had failed to request proper identification, would be invalid as inconsistent with the applicable statutory provisions as interpreted by the courts.

Very truly yours,

**DAN MORALES**
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by William Walker
Assistant Attorney General