TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00220-CV






Fay-Ray Corporation, d/b/a Chequers, Appellant



v.



Texas Alcoholic Beverage Commission, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. 97-02538, HONORABLE JEANNE MEURER, JUDGE PRESIDING 







 The Texas Alcoholic Beverage Commission found that while operating a bar called
Chequers, appellant Fay-Ray Corporation violated the Dram Shop Act by serving an obviously intoxicated
person who shortly after leaving the bar caused a fatal automobile accident. The Commission canceled
appellant's mixed beverage permit and mixed beverage late hours permit. Fay-Ray sought judicial review
of the cancellation and the district court affirmed the Commission's order. Appellant challenges that
decision in six points of error. We will affirm the Commission's order. 


BACKGROUND


 In June 1995, Jack Jordan went to Chequers, a bar and restaurant owned by Fay-Ray,
and drank alcoholic beverages there from approximately 7:00 p.m. to 10:15 p.m. In those few hours,
Jordan drank a minimum of four beers and six shots of Tuaca liquor. Jordan left the bar alone in his "one-ton" truck. Proceeding south on FM 2322, he crossed the yellow center line and hit a north-bound car. 
Jordan and his truck continued south in the north-bound lane and hit another car, rolling up onto the hood
and then back off where it finally rested on its side. The first impact severely injured the passenger and
killed the driver; it took three hours to remove the deceased from the vehicle. When EMS and Department
of Public Safety officers arrived at the scene Jordan was belligerent and smelled of alcohol. He was taken
to the hospital for minor lacerations. A blood specimen was taken pursuant to orders by the DPS officer
who had been at the scene of the accident. Jordan's blood alcohol content was .32, more than three times
the legal limit in Texas. Before the blood test results were known, DPS determined from the accident scene
that alcohol had been a large factor in the multiple-car collision and notified the Commission. 

 After investigation, the Commission initiated a proceeding against Fay-Ray to revoke its
mixed beverage permit and mixed beverage late hours permit, claiming it (1) sold or delivered an alcoholic
beverage to an intoxicated person and (2) served an individual an alcoholic beverage while it was apparent
that the person was obviously intoxicated and that intoxication was the proximate cause of damages, in
violation of the Texas Alcoholic Beverage Code. See Tex. Alco. Bev. Code Ann. §§ 2.02, 6.01, 11.61
(West 1995). After a hearing, the Commission adopted the Administrative Law Judge's (ALJ's) Proposal
for Decision, including the findings of fact and conclusions of law, and canceled Fay-Ray's permits. Fay-Ray brought suit in district court which affirmed the Commission's order canceling both permits. Fay-Ray
now appeals that judgment.

STANDARD OF REVIEW


 The standard of review of the Commission's order is that provided for in cases of
"substantial evidence" review under the terms of the Administrative Procedure Act (APA). See Tex. Gov't
Code Ann. § 2001.174 (West 1998); see also Tex. Alco. Bev. Code Ann. § 11.67. The agency order
may not be reversed unless the agency record demonstrates that appellant's substantial rights have been
prejudiced by the Board's committing one of the errors listed in section 2001.174(2)(A)-(F) of the APA. 
Without directly stating so, Fay-Ray challenges the Commission's order based on sections (C), (D), (E)
and (F). (1)


ANALYSIS


 In addition to asserting that certain findings of the Commission's order are not supported
by substantial evidence, and challenging certain evidentiary rulings made by the ALJ, appellant asks us to
interpret the Alcoholic Beverage Code in a way that removes its liability. We will begin our analysis by
examining the Dram Shop Act.

 In point of error one, Fay-Ray suggests that the server must have had a specific intent to
violate the statute before the permits may be canceled. Fay-Ray was found to have violated sections
2.02(b) and 11.61 of the Alcoholic Beverage Code. Section 2.02(b) states:


(b) Providing, selling, or serving an alcoholic beverage may be made the basis of a
revocation proceeding under section 6.01(b) of this code upon proof that: 


 (1) at the time the provision occurred it was apparent to the provider that the
individual being sold, served, or provided with an alcoholic beverage was
obviously intoxicated to the extent that he presented a clear danger to himself
and others; and


 (2) the intoxication of the recipient of the alcoholic beverage was a proximate cause
of damages suffered.



Tex. Alco. Bev. Code Ann. § 2.02(b) (emphasis added). Section 2.02(b) does not authorize the
Commission to revoke a permit; rather it provides a rule which if violated may be a ground for revocation
under section 6.01. (2) Id. The Dram Shop Act was intended "to provide a statutory remedy where the
negligence of a bar was found to be the proximate cause of the individual's injury."

I-Gotcha, Inc. v. McInnis, 903 S.W.2d 829, 838 (Tex. App.--Fort Worth 1995, writ denied) (emphasis
added). Thus, the server of alcoholic beverages is held to an objective standard of what a reasonably
prudent person would have observed as "obviously intoxicated," whether or not there was a subjective
intent to serve an intoxicated person. See Zidell v. Bird, 692 S.W.2d 550, 554 (Tex. App.--Austin 1985,
no writ). Section 11.61(14) permits the Commission to cancel a permit if the "permittee sold or delivered
an alcoholic beverage to an intoxicated person." Tex. Alco. Bev. Code Ann. § 11.61(14). Section 11.61
does not contain any language which would indicate that a specific intent to violate that statute is required.

 Fay-Ray argues that because intent is required in some criminal violations of the Code, the
same "knowing" standard must be imputed to this civil sanction. Id. § 101.63(a) (in general criminal
provisions chapter, "[a] person commits an offense if he knowingly sells an alcoholic beverage to an
habitual drunkard or an intoxicated or insane person"). The Commission did not revoke Fay-Ray's permits
for an offense committed under the criminal statutes, but revoked the permits for violations of the civil
statutes which do not require specific intent or scienter. Furthermore, the fact that there must be specific
intent to find a permittee or licensee criminally negligent for selling beer to a minor and to cancel a permit
for this violation does not require us to "harmonize" the Code by imposing a requirement of specific intent
before a permit may be revoked for the negligence addressed by the Dram Shop Act in another section
of the Code or under section 11.67. See J & J Beverage v. Texas Alcoholic Beverage Comm'n, 810
S.W.2d 859 (Tex. App.--Dallas 1991, no writ). We reject appellant's reading of section 2.02 and 11.61
and overrule point of error one.

 Fay-Ray also claims several evidentiary errors were committed at the hearing and without
such erroneous rulings there is no substantial evidence to support the agency's order. In point of error two,
appellant contends evidence of Jordan's blood alcohol test was erroneously admitted because the
governing statute at the time of accident barred the admissibility of blood test results in a civil proceeding. 
We disagree. Currently, section 724.063 provides for the admission of a blood test result in a civil action. 
Tex. Transp. Code Ann. § 724.063 (West 1998). However, the statute in effect at the time of the incident
was article 6701l-5 of the Traffic Regulations Code. (3) The legislative history indicates only the admissibility
of blood test results in criminal proceedings are governed by the statute's strict guidelines. Id. The former
act limited admissibility of blood tests in criminal proceedings but did not address their admissibility in a civil
proceeding. Id. The Second Court of Appeals decided this issue in March v. Victoria Lloyds Ins., 773
S.W.2d 785, 788 (Tex. App.--Fort Worth 1989, writ denied). In that case, the family of a truck driver,
who was killed on the road due to his own intoxication, attempted to limit the admissibility of his blood
alcohol level by relying on the statutory requirements of article 6701l-5, section 3. Id. The appellate court
ruled that the "requirements pertain[ed] only to the admissibility of chemical tests in suits in which a
defendant is charged with driving while intoxicated." Id. (citing Tex. Rev. Civ. Stat. Ann. art. 6701l-5, §
3(a) (West. Supp. 1989)). In El Chico Corp. v. Poole, the Texas Supreme Court decided that the family
of a motorcyclist who was killed by a drunk driver had a negligence cause of action against the bar who
served the driver for serving an intoxicated person. 732 S.W.2d 306 (Tex. 1987). While not specifically
addressing the issue of admissibility of blood-test results the court listed as evidence of his intoxication the
driver's blood alcohol level. Id. at 309. In keeping with this precedent, we find that Jordan's blood
alcohol level of .32 was admissible in the civil proceeding. Its admissibility is governed by the rule of civil
evidence in effect at that time. We overrule point of error two.

 In point of error three, Fay-Ray claims unreliable testimony was erroneously admitted as
expert testimony at the administrative hearing. Appellant argues that J. Rod McCutcheon, who testified
regarding blood-alcohol analysis and the effects of alcohol on the human body, should not have been
recognized as an expert witness because his methodology and analysis were not scientifically reliable. Like
a trial court, an ALJ has broad discretion in deciding whether to admit expert testimony in an administrative
hearing, and her decision will not be disturbed absent an abuse of discretion. See Tex. Gov't Code Ann.
2001.081 (1998); Lopez v. City Towing Assoc., Inc., 754 S.W.2d 254, 260 (Tex. App.--San Antonio
1988, writ denied); see also Lindsey v. O'Neil, 689 S.W.2d 400, 402 (Tex. 1985). Expert opinion
testimony should be admitted when it will assist the trier of fact in understanding the evidence or in
determining a fact issue. Tex. R. Civ. Evid. 701; see Story Serv., Inc. v. Ramirez, 863 S.W.2d 491, 499
(Tex. App.--El Paso 1993, writ denied).

 McCutcheon's testimony was elicited for the purpose of estimating Jordan's blood alcohol
concentration and the physical effects upon a human at the time he was served his last drink. On voir dire,
McCutcheon testified to his extensive training and experience in the field of blood alcohol analysis and
interpretation. McCutcheon also revealed that he had given his expert opinion in some three hundred
cases. After questioning McCutcheon herself, the ALJ allowed the witness to testify as an expert. Because
we find no abuse of discretion, we overrule point of error three.

 In point of error five, Fay-Ray argues that Karen Kinney, the bar waitress who served
Jordan, was improperly considered an adverse witness, thereby allowing the Commission to ask her leading
questions. Generally, the decision whether to allow trial counsel to ask leading questions lies within the trial
court's discretion. See Cecil v. T.M.E. Inv., Inc., 893 S.W.2d 38, 47 (Tex. App.--Corpus Christi 1994,
no writ). A similar standard applies in an administrative hearing. To obtain reversal on this point, appellant
must show that the abuse of discretion probably caused the rendition of an improper judgment. Id. Kinney
was a former employee of Fay-Ray and at the time of the hearing she was facing possible criminal charges
based on her sale of alcohol to Jordan. Understandably, she would have been uncooperative to the
Commission in its efforts to prove Jordan's intoxication was apparent to her when she continued to serve
him; the ALJ properly allowed the Commission to ask Kinney leading questions. We find no abuse of
discretion. Furthermore, had this been incorrect it was not reversible error because Kinney's admission
that she was aware of Jordan's intoxication was confirmed by other witnesses who testified that Kinney
had confided to them that Jordan was intoxicated. Thus, allowing the Commission to ask Kinney leading
questions did not probably result in an improper judgment. We overrule point of error five.

 In point of error six, appellant claims certain findings of fact which the Commission adopted
are not supported by substantial evidence. The agency's findings, inferences, and conclusions are
presumed to be supported by substantial evidence, and the appealing party bears the burden of showing
a lack of substantial evidence. Texas Health Facilities Comm'n v. Charter Medical-Dallas, Inc., 665
S.W.2d 446, 453 (Tex. 1984). Appellant cannot meet this burden merely by showing that the evidence
preponderates against the decision. Charter Medical, 665 S.W.2d at 453. If substantial evidence would
support either affirmative or negative findings, the reviewing court must uphold the order, resolving any
conflicts in favor of the agency's decision. Auto Convoy Co. v. Railroad Comm'n, 507 S.W.2d 718,
722 (Tex. 1974). "The true test is not whether the agency reached the correct conclusion, but whether
some reasonable basis exists in the record for the action taken by the agency." Charter Medical, 665
S.W.2d at 452.

 The findings of fact appellant contends were not supported by substantial evidence are the
following:


(18) Mr. Jordan's intoxication was open to view, evident, and capable of being easily
understood by Ms. Kinney, an experienced bartender who had in the past attended
a TABC seller-server training course.


(19) Ms. Kinney served, sold, and provided alcohol to Mr. Jordan when he was
intoxicated and further, when he was obviously intoxicated.


(21) It was apparent to Ms. Kinney that Mr. Jordan's state of intoxication would distort
his perception, slow his reactions, impair his motor skills, and render him a clear
danger to himself and others on the dark, hilly and winding 2-lane road on which
Chequers (the bar) was located.


(22) Mr. Jordan's intoxication rendered him unable to keep his vehicle in control and in
the appropriate lane of FM 2322.


(23) Mr. Jordan's intoxication and his resulting failure to keep his vehicle in control and
in the appropriate lane of FM 2322 caused this accident and the resulting death of
. . . and injury of . . . [the deceased].


(25) Mr. Jordan's intoxication was a proximate cause of the accident and the resulting
death of . . . and injury of . . . [the deceased].


We first note that Fay-Ray has failed to brief this point of error and therefore cannot sustain its burden of
showing the lack of substantial evidence. See id. at 453. However, in reviewing all the evidence we find
the record provides ample basis for the Commission's findings and its subsequent order. In addition to the
foregoing evidence, at least three witnesses testified that they were at Chequers the night of the accident. 
All confirmed that Jordan was at the bar drinking beer and shots of liquor. One witness stated that Jordan
slipped off his chair, stumbled a little while at the bar, that his speech was slurred and that he smelled of
alcohol. Another witness testified that it was obvious to her that Jordan was intoxicated. Her male
companion claimed, "This guy was so drunk he even asked me to dance." Because there is substantial
evidence to support the findings and the conclusions of law based on those findings, we overrule point of
error six.

 In point of error four, appellant complains that the severe sanction of revoking the permits
was arbitrary and capricious and without due process of law, considering that Fay-Ray had no prior
violations of the Code during ten years of operation. Additionally, appellant urges that the comparative fault
of the other driver, now deceased, should have been considered in reducing the sanction imposed. We
note that in section 2.02(b), revocation is the only sanction mentioned; suspension of a permit is not listed
as an alternative. Furthermore, an agency has broad discretion in determining which sanction best serves
the statutory policies committed to the agency's oversight. See Emory v. Texas State Bd. of Medical
Exam'rs, 748 F.2d 1023, 1026 (5th Cir. 1984). An agency's decision in determining an appropriate
penalty will not be reversed unless an abuse of discretion is shown. See Sears v. Texas State Bd. of
Dental Exam'rs, 759 S.W.2d 748, 751 (Tex. App.--Austin 1988, no writ). It goes without saying that
revocation of appellant's permits was not arbitrary and capricious in light of the tragic fatality resulting from
the very act of negligence addressed by the Dram Shop Act. An alcoholic beverage permit is a privilege,
not a right, see Texas Alcoholic Beverage Commission v. Macha, 780 S.W.2d 939, 943 (Tex.
App.--Amarillo 1989, writ denied), and appellant received all the process of law due under the APA. 
Finally, the principle of comparative fault applicable in assessing damages in a negligence action, Texas Civil
Practices and Remedies Code, section 33.001(a) (1986), does not apply to the revocation of a licensee's
permit under section 2.02(b), which only requires that the intoxication of the individual who was provided
alcohol while intoxicated be a proximate cause of the damages suffered. We overrule appellant's fourth
point of error.


CONCLUSION


 Because we find the order is supported by substantial evidence, is not arbitrary or
capricious, and is not affected by other error of law, we affirm the district court's judgment which affirmed
the Commission's order revoking Fay-Ray's permits.




 Bea Ann Smith, Justice

Before Justices Powers, Aboussie and B A. Smith

Affirmed

Filed: January 8, 1998

Publish
1. Section 2001.174 provides, in pertinent part, that review of a contested case decision under the
substantial evidence rule, the court may not substitute its judgment for the judgment of the state agency but:


(2) shall reverse or remand for further proceedings if substantial rights of the appellant have
been prejudiced because the administrative findings, inferences or conclusions, or decisions
are:

. . .


(C) made through unlawful procedure;


(D) affected by other error of law;


(E) not reasonably supported by substantial evidence considering the reliable and
probative evidence in the record as a whole; or


(F) arbitrary or capricious or characterized by abuse of discretion or clearly
unwarranted exercise of discretion.


Tex. Gov't Code Ann. § 2001.174.
2. Section 6.01 states that a "permit issued under this code is a purely personal privilege and is subject
to revocation or suspension if the holder is found to have violated a provision of this code or a rule of the
commission." Id. § 6.01.
3. Act of June 7, 1971, 62d Leg., R.S., ch. 709, § 3, 1971 Tex. Gen. Laws 2340, 2342.



 evidence we find
the record provides ample basis for the Commission's findings and its subsequent order. In addition to the
foregoing evidence, at least three witnesses testified that they were at Chequers the night of the accident. 
All confirmed that Jordan was at the bar drinking beer and shots of liquor. One witness stated that Jordan
slipped off his chair, stumbled a little while at the bar, that his speech was slurred and that he smelled of
alcohol. Another witness testified that it was obvious to her that Jordan was intoxicated. Her male
companion claimed, "This guy was so drunk he even asked me to dance." Because there is substantial
evidence to support the findings and the conclusions of law based on those findings, we overrule point of
error six.

 In point of error four, appellant complains that the severe sanction of revoking the permits
was arbitrary and capricious and without due process of law, considering that Fay-Ray had no prior
violations of the Code during ten years of operation. Additionally, appellant urges that the comparative fault
of the other driver, now deceased, should have been considered in reducing the sanction imposed. We
note that in section 2.02(b), revocation is the only sanction m