# NO. 12-13-00376-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JACKIE  LEE CARPENTER,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 145TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *NACOGDOCHES COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Appellant, Jackie Lee Carpenter, attempts to appeal from an order denying his motion to dismiss a case in which his conviction became final, according to the trial court, on January 23, 1989.

The right to appeal is conferred by the legislature, and generally a party may appeal only those cases for which the legislature has authorized appeal. *See* **Marin v. State**, 851 S.W.2d 275, 278 (Tex. Crim. App. 1993), *overruled on other grounds*, **Cain v. State**, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997); **Olowosuko v. State**, 826 S.W.2d 940, 941 (Tex. Crim. App. 1992) ("It is axiomatic that a party may appeal only that which the Legislature has authorized."). Thus, the standard for determining whether an appellate court has jurisdiction to hear and determine a case "is not whether the appeal is precluded by law, but whether the appeal is authorized by law." **Blanton v. State**, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012); *see* TEX. CONST. art. V, § 6 (stating that jurisdiction of courts of appeals "shall extend to all cases of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law").

Article 44.02 of the Texas Code of Criminal Procedure provides that "[a] defendant in any criminal action has the right of appeal under the rules hereinafter prescribed. . . ." TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006); *see* TEX. R. APP. P. 25.2(a)(2) (stating that

defendant "has the right of appeal under Code of Criminal Procedure article 44.02 and these rules"). "However, in the absence of a positive legislative enactment, this statutory right of appeal has generally been 'restricted to persons convicted of offenses and those denied release under the writ of habeas corpus.'" *Celani v. State*, 940 S.W.2d 327, 329 (Tex. App.–San Antonio 1997, pet. ref'd) (quoting *De Silva v. State*, 98 Tex. Crim. 499, 267 S.W. 271, 272 (1924)); *see State v. Sellers*, 790 S.W.2d 36, 322 n.4 (Tex. Crim. App. 1990) ("A defendant's general right to appeal under Article 44.02[] and its predecessors has always been limited to appeal from a 'final judgment,' though the statute does not contain this limitation on its face."). But there are certain narrow exceptions. *See Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.– Dallas 1998, no pet.) (listing exceptions).

The order Appellant complains of is not a judgment of conviction nor does it fall within any exception to the general rule. Therefore, we have no jurisdiction over the appeal. On December 9, 2013, this court notified Appellant that the information received in this appeal does not include a final judgment or other appealable order and therefore does not show the jurisdiction of this court. *See* TEX. R. APP. P. 37.2. Appellant was further notified that the appeal would be dismissed unless the information was amended on or before January 8, 2014, to show the jurisdiction of this court. *See* TEX. R. APP. P. 44.3. In response to this court's notice, Appellant filed an amended notice of appeal in which he states that he wishes to appeal the trial court's October 23, 2013 order denying his motion to dismiss, his request for permission to appeal, and his motion for new trial. However, Appellant did not show the jurisdiction of this court. Accordingly, the appeal is ***dismissed for want of jurisdiction***. *See* TEX. R. APP. P. 42.3(a).

Opinion delivered January 15, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 15, 2014**

**NO. 12-13-00376-CR**

**JACKIE  LEE CARPENTER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 145th District Court

of Nacogdoches County, Texas (Tr.Ct.No. 2216-86-2)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this court that this court is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*