

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-24-00217-CR

———————————————————

KEVIN JOHN SHERIDAN, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 432nd District Court
Tarrant County, Texas
Trial Court No. 1790755

---

Before Kerr, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

## I. Introduction

Appellant Kevin John Sheridan pleaded guilty to one count of second-degree-felony theft; one count of second-degree-felony misapplication of fiduciary property; and two counts of exploitation of an elderly individual, a third-degree felony. Punishment was determined by the trial court, which assessed a twelve-year prison sentence on the theft count, a twelve-year prison sentence on the misapplication count, and a ten-year prison sentence on each exploitation count. In his only point, Sheridan contends that the multiple punishments for both aggregate theft and misapplication of fiduciary property against the same two victims violated his Fifth Amendment guarantee against double jeopardy. We will affirm.

## II. Double-Jeopardy Claim

As mentioned above, Sheridan pleaded guilty to all charges against him. The specific facts of his offenses—beyond what was alleged in the indictment, to which he pleaded guilty—are not germane to our analysis. In pertinent part, the indictment alleged in Count One that Sheridan, "pursuant to one scheme or continuing course of conduct, unlawfully appropriate[d] property, by acquiring or otherwise exercising control over money with an aggregated value of $30,000 or more, but less than $150,000, with intent to deprive the owners of said property and without effective

2

consent of the owners."[1] The indictment named two complainants as "the owners" and identified them each as elderly individuals. Count Two alleged that Sheridan, "pursuant to one scheme or continuing course of conduct, . . . intentionally or knowingly misappl[ied]" funds that he held as a fiduciary that had an "aggregated value of $30,000 or more, but less than $150,000" and "contrary to an agreement under which [he] held the property," naming the same two elderly individuals as in Count One.

Sheridan argues that, "considering the manner and means of the misapplication of funds and theft," he has been "twice punished for the same scheme or continuing course of conduct." We disagree.

## A. Preservation of Error

The State argues that Sheridan procedurally defaulted on his double-jeopardy claim by not objecting in the trial court, and Sheridan concedes that he did not object. But both the State and Sheridan agree that an appellant may raise this complaint for the first time on appeal if two conditions are met: (1) the undisputed facts show that the double-jeopardy violation is clearly apparent on the face of the record and (2) enforcing the usual rules of procedural default would serve no legitimate state interest. *Garfias v. State*, 424 S.W.3d 54, 58 (Tex. Crim. App. 2014); *Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000). Without deciding whether the second

---

[1]The indictment was typed entirely in capital letters; we have reformatted it for readability.

condition is met here, because the record affirmatively refutes Sheridan's alleged double-jeopardy violation, we will overrule his sole point.

## B. Applicable Law

The Fifth Amendment of the United States Constitution provides that no person shall have life or limb twice put in jeopardy for the same offense. U.S. Const. amend. V. Generally, this provision—the Double Jeopardy Clause—protects against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165, 97 S. Ct. 2221, 2225 (1977); *Ramos v. State*, 636 S.W.3d 646, 651 (Tex. Crim. App. 2021).

To determine whether a defendant has been assessed multiple punishments for the same offense—Sheridan's argument here—we start with the "same elements" test set forth in *Blockburger*. *Bien v. State*, 550 S.W.3d 180, 184 (Tex. Crim. App. 2018) (referring to *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 182 (1932)). Under that test, two offenses are not the same if "each provision requires proof of a fact [that] the other does not." *Id.* (quoting *Blockburger*, 284 U.S. at 304, 52 S. Ct. at 182).

But in Texas, the analysis does not end there. Using the cognate-pleadings approach, we also look to the pleadings to flesh out the *Blockburger* test. *Id.* (citing *Bigon v. State*, 252 S.W.3d 360, 370 (Tex. Crim. App. 2008)). Under the cognate-pleadings approach, even if the offenses have differing elements under

4

*Blockburger*, they may still be the same for double-jeopardy purposes if the indictment alleges the same "facts required." *Bigon*, 252 S.W.3d at 370.

After applying the cognate-pleadings approach, if the two offenses, as pleaded, have different elements, then the judicial presumption is that the offenses are different for double-jeopardy purposes, and multiple punishments may be imposed. *Bien,* 550 S.W.3d at 184–85. This presumption can be rebutted by a showing, through various factors, that the legislature clearly intended only one punishment. *Id.* at 185.

The Court of Criminal Appeals has set forth the following nonexclusive list of considerations—commonly referred to as the *Ervin* factors—to help determine legislative intent in this context:

- whether the offenses are in the same statutory section;

- whether the offenses are phrased in the alternative;

- whether the offenses are named similarly;

- whether the offenses have common punishment ranges;

- whether the offenses have a common focus, including whether their gravamina are the same;

- whether the common focus tends to indicate a single instance of conduct;

- whether the elements that differ between the two offenses can be considered the same under an imputed theory of liability that would result in the offenses being considered the same under *Blockburger*; and

5

- whether any legislative history articulates an intent to treat the offenses as the same for double-jeopardy purposes.

*Ramos*, 636 S.W.3d at 651 (citing *Ervin v. State*, 991 S.W.2d 804, 814 (Tex. Crim. App. 1999)).

Thus if, as pleaded, the offenses each have at least one element that the other does not, and if, according to the relevant statutory provisions, the legislature's intent to punish both offenses as one is not clear, then separate punishments for each offense do not violate the prohibition against double jeopardy. *Philmon v. State*, 609 S.W.3d 532, 536 (Tex. Crim. App. 2020).

## C. Analysis

Looking at the specific statutory provisions under which Sheridan was charged in counts one and two of the indictment, each requires proof of a fact that the other does not. *Compare* Tex. Penal Code Ann. § 31.03(a), (e)(5), (f)(3)(A) (theft from an elderly individual of property with a value of $30,000 or more but less than $150,000) *with id.* § 32.45(b), (c)(5), (d) (misapplication of an elderly individual's fiduciary property with a value of $30,000 or more but less than $150,000).[2] We therefore presume that the offenses are different for double-jeopardy purposes and turn to the *Ervin* factors to see whether Sheridan can rebut this presumption.

---

[2]Sheridan does not contend otherwise but focuses his double-jeopardy analysis on the cognate-pleadings approach and the *Ervin* factors.

6

Sheridan concedes that some of the *Ervin* factors weigh against his double-jeopardy claim: aggregate theft of property and misapplication of fiduciary property are not in the same statutory section, and the offenses are not phrased in the alternative or named similarly. But Sheridan points out that the offenses have identical punishment ranges, *see id.* §§ 31.03(e)(5), 32.45(c)(5) (classifying both offenses as third-degree felonies),[3] and he further contends that the gravamina of the offenses is the same, the common focus tends to indicate a single instance of conduct, and "the element that differs (fiduciary relationship) between the offenses can be considered 'same' under an imputed theory of liability." Other than the common punishment ranges for the offenses, his contentions are unavailing.

As Sheridan acknowledges, the Eighth Court of Appeals has considered and rejected a double-jeopardy claim by an appellant who was convicted of both theft and misapplication of fiduciary property—a situation we have not had occasion to consider until now. *See Rhinehardt v. State*, No. 08-01-00335-CR, 2003 WL 21674198, at *9–10 (Tex. App.—El Paso July 17, 2003, no pet.) (not designated for publication). The appellant in *Rhinehardt* made some of the same contentions that Sheridan makes in this appeal, and our sister court rejected them:

> The offenses do not have a common focus in that only a person acting as a fiduciary may commit misapplication of fiduciary property. *See Talamantez v. State,* 790 S.W.2d 33, 37 (Tex. App.—San Antonio 1990,

---

[3]Because Sheridan's offenses were committed against elderly individuals, they were elevated to second-degree felonies. *See* Tex. Penal Code Ann. §§ 31.03(f)(3)(A), 32.45(d); *see also id.* § 12.33 (range of punishment for a second-degree felony).

pet. ref'd). Appellant argues that the different elements of these offenses can be considered the same under the imputed theory of liability, but fails to explain how or why this factor applies. Moreover, it is not apparent to this Court how the differing elements of the offenses can be considered the same under any imputed theory of liability, particularly given that the misapplication statute only requires that the defendant "misapply" the property, rather than unlawfully "appropriate" the property with the intent to deprive the owner of the property.

*Id.* at *10; *see* Tex. Penal Code Ann. §§ 31.01(4) (defining "[a]ppropriate"), 32.45(a)(2) (defining "[m]isapply"). Although *Rhinehardt* was an unpublished opinion, and although we are not bound by a sister court's precedent, its reasoning strikes us as persuasive.

So too are we persuaded by the reasoning of the Thirteenth Court of Appeals in a similar case, noting that "[p]erhaps the largest distinguishing factor between the two statutes is that the fiduciary statute is aimed at a specific class of persons: one who holds a fiduciary duty" and, after considering the *Ervin* factors, its precedents, and legislative history, holding that no double-jeopardy violation occurred. *Patterson v. State*, 606 S.W.3d 3, 38–39 (Tex. App.—Corpus Christi–Edinburg 2020, pet. ref'd) (first citing Tex. Penal Code Ann. §§ 31.03(a), 32.45; and then citing *Talamantez*, 790 S.W.2d at 37 ("Any person may commit theft," but "[o]nly one in a position of trust may commit misapplication of fiduciary property")); *see Rubio v. State*, No. 08-18-00006-CR, 2020 WL 3481566, at *5 (Tex. App.—El Paso June 26, 2020, pet. ref'd) (not designated for publication) ("Appellant has failed to show that the legislature intended that these two offenses[—theft and misapplication of fiduciary

8

property—]are to be treated the same for double jeopardy purposes."); *Berg v. State*, Nos. 11–06–00092–CR, 11–06–00093–CR, 2006 WL 3746738, at *2 (Tex. App.—Eastland Dec. 21, 2006, pet. ref'd) (not designated for publication) (concluding that trial court did not abuse its discretion when it held, on petitions for writ of habeas corpus, that defendant who had previously been acquitted of theft could be prosecuted for misapplication of fiduciary property); *see also Miller v. State,* 242 S.W. 1040, 1043 (Tex. Crim. App. 1922) ("Concerning the cases of theft and swindling to which appellant refers, both the statute and principle controlling its interpretation seem to us to suggest a distinction. In theft generally the possession is interfered with without the consent of the rightful possessor. In embezzlement . . . [h]is possession is rightful. It is his misuse of the property that is criminal.").[4] We adopt our sister courts' reasoning and hold that Sheridan's separate punishments for theft and misapplication of fiduciary property in this case do not violate the Double Jeopardy Clause.

Sheridan advances one argument that was not before the courts in these other double-jeopardy cases: he claims that, as alleged in the indictment, the theft he was charged with committing was "essentially a lesser-included offense" of the misapplication of fiduciary property he was charged with committing. A

---

[4]In addition to not distinguishing these cases from his own, Sheridan does not point us to any legislative history that articulates the legislature's intent to treat these offenses as the same for double-jeopardy purposes. *See Rubio*, 2020 WL 3481566, at *5; *Rhinehardt*, 2003 WL 21674198, at *10.

9

multiple-punishments double-jeopardy violation may arise in the lesser-included-offense context when the same conduct is punished twice—once for the basic conduct, and a second time for that same conduct plus more. *Langs v. State*, 183 S.W.3d 680, 685 (Tex. Crim. App. 2006). But theft is not a lesser-included offense of misapplication of fiduciary property. An offense is a lesser-included offense of another charged offense if:

> (1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

> (2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

> (3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

> (4) it consists of an attempt to commit the offense charged or an otherwise included offense.

Tex. Code Crim. Proc. Ann. art. 37.09. As our preceding analysis makes clear, the misapplication count of the indictment ("the offense charged" in this statutory construct) differs from the theft count of the indictment in ways beyond the first three criteria listed above. And as the indictment itself shows, the theft that Sheridan was charged with committing did not consist of an attempt to commit the misapplication charged in Count Two of the indictment (the fourth statutory criterion). We therefore hold that, as charged in this case, theft is not a lesser-included offense of misapplication of fiduciary property. Sheridan's point is overruled.

10

## III. Conclusion

Having overruled Sheridan's only point, we affirm the trial court's judgment.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  July 24, 2025