David Alan STARNES, Appellant,

v.

The STATE of Texas, State.

No. 2–95–148–CR.

Court of Appeals of Texas, Fort Worth.

Aug. 30, 1996.

Robert Ford, Fort Worth, for Appellant.

Tim Curry, Crim. Dist. Attorney, Betty Marshall & Charles M. Mallin, Asst. Chiefs Appellate Section, M. Susan Goggan, Barry Shelton, Peter Keim, Asst. Crim. Dist. Attorneys, Fort Worth, for Appellee.

Before CAYCE, C.J., and SHIRLEY W. BUTTS (Retired, Sitting by Assignment), and H. BRYAN POFF, Jr., (Sitting by Assignment), JJ.

## OPINION

H. BRYAN POFF, Jr., Justice, Assigned.

Appellant David Alan Starnes was convicted by a jury of the offense of misapplication of fiduciary property as charged in the indictment. His punishment was assessed by the court at ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice. The term was probated, and appellant was placed on probation for ten years. Appellant perfected appeal, and in a single point of error he contends that the evidence was insufficient to sustain his conviction. We overrule the point of error and affirm the judgment.

Saginaw, a community located in Tarrant County, Texas, has a volunteer fire department. As a means of raising funds, the fire department operates a charity bingo game three nights a week. The appellant was hired by the department to "oversee" the bingo games. His job title was "head cashier." During appellant's employment from November 1991 through May 1992, discrepancies arose regarding the deposits of the proceeds from the bingo games.

Louis Leatherman, an accountant hired by the department, noted the irregularities in the bingo account and discussed the matter with appellant because appellant was the person charged with making the deposits of the proceeds from the bingo games. Appellant had various excuses for the irregularities.

As a result of appellant's actions, Leatherman determined that $26,803.50 in proceeds from the bingo games was never deposited. The money was never accounted for and never recovered. The loss of the money formed the basis for appellant's indictment.

Appellant contends in his point of error that the record contains no evidence that he acted as a trustee, guardian, administrator, executor, conservator, or receiver. He also contends there is no evidence that he acted as an employee or agent carrying on fiduciary functions on behalf of a fiduciary. Appellant asserts that under the charge in his case, the jury was only authorized to convict if they found that he had acted as a fiduciary or a person acting as an employee or agent of the Saginaw Volunteer Fire Department. Appellant concludes that the evidence must be viewed in the most favorable light and then compared to the charge to determine if the verdict is supported by sufficient evidence. *Arceneaux v. State*, 803 S.W.2d 267 (Tex.Crim.App.1990). The State and appellant have both briefed the point of error based upon the standard of review set out in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); *Reeves v. State*, 806 S.W.2d 540, 543 (Tex. Crim.App.1990) (op. on reh'g), *cert. denied*, 499 U.S. 984, 111 S.Ct. 1641, 113 L.Ed.2d 736 (1991). Subsequent to appellant's and the State's filing of their briefs, the Texas Court of Criminal Appeals handed down an opinion that contained major changes in the review of challenges to the sufficiency of the evidence.

In *Clewis v. State*, 922 S.W.2d 126 (Tex. Crim.App.1996), the court held that the *Jackson* standard was no longer the only standard of review in challenges to the sufficiency of the evidence. The court concluded that the *Jackson* standard was still the proper standard for reviewing questions of legal sufficiency, but in matters of factual sufficiency, the court concluded the proper standard of review was the standard set out in *Stone v. State*, 823 S.W.2d 375 (Tex.App.—Austin 1992, pet. ref'd, untimely filed). Although appellant's challenge seems to be a challenge to the legal sufficiency of the evidence, we will in the interest of justice examine the challenge under both the legal and the factual sufficiency standard.

Viewing the evidence in the light most favorable to the verdict, we find that appellant was an employee of the Saginaw Volunteer Fire Department. Pat Whiteman, the president of the department, testified that appellant was hired as "head cashier" to run the department's bingo games. Some of appellant's assigned duties included the oversight of the bingo games, the collection and deposit of the proceeds from each game, and the requisite record-keeping in conjunction with the bingo games. Whiteman testified that his understanding of the law required that the proceeds from the games were to be deposited the next day. His agreement with appellant was that the proceeds were to be deposited as soon as possible. Whiteman became aware there was a problem with the department's bingo account when checks drawn on the bank account into which the proceeds were to be placed were returned due to insufficient funds.

Leatherman was an accountant hired by the department to audit the monthly bingo bank account and to prepare monthly income and expense balance sheets for the bingo enterprise. Leatherman testified that in November of 1991 he noted that appellant had failed to deposit into the bank the proceeds from eight bingo games. Appellant admitted this fact and said he had not had time to get by the bank. Leatherman testified that appellant continued to fail to deposit all the proceeds from the games into the bank. Leatherman failed to report the discrepancies, and he was fired as the department's accountant.

When confronted by Whiteman concerning his handling of the bingo game deposits, appellant said he was trading money between organizations sponsoring bingo games in order to help make money for other groups. Whiteman informed appellant that this was against the law and contrary to their agreement. Appellant continued to misapply the funds until the bingo account had lost $26,803.50.

Appellant does not contend that the evidence is insufficient to prove that he misapplied the funds. He also does not contend that the evidence is insufficient to prove he misapplied the money in a manner that involved a substantial risk of loss. For, in fact, the money was lost. Appellant confines his complaint to the fact that the evidence is insufficient to prove the element of fiduciary capacity as alleged in the indictment and as contained in the court's charge.

A "fiduciary" is defined in section 32.45(a)(1)(C) of the Texas Penal Code as: "[A]n officer, manager, employee, or agent carrying on fiduciary functions on behalf of a fiduciary." TEX. PENAL CODE ANN. § 32.45(a)(1)(C) (Vernon 1994). The statute is not a model of legislative draftsmanship, for the essential term "fiduciary" is defined only self-referentially. "Fiduciary" has such a common meaning, however, and one need not be familiar with case law or treatises to discern its meaning. *Talamantez v. State*, 790 S.W.2d 33, 35 (Tex.App.—San Antonio 1990, pet. ref'd). A person need look no further than a lay dictionary to find a definition of the term "fiduciary":

1. [n.] one that holds a fiduciary relation or acts in a fiduciary capacity;

2. [adj.] of, relating to, or involving a confidence or trust: as a: held or founded in trust or confidence b: holding in trust. . . .

WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 460 (1983).

■ Viewing the evidence in the light most favorable to the verdict, we find ample evidence that appellant was an employee of the department who was performing a fiduciary function as part of his job. Appellant's obligation to collect the money from each night's bingo game and deposit the money fits both the legal and lay definition of a fiduciary function. The proceeds from the bingo games were the property of the department, not appellant. Appellant was to hold the money until he could deposit it into the bank account of the department. Although appellant's job title was "head cashier," the duties and responsibilities of his job were much the same as a receiver or trustee. Great trust and confidence was placed in appellant by the department when it allowed him to collect its money from the bingo games.

The relationship between appellant and Whiteman was based on confidence and trust. Whiteman justifiably placed confidence in appellant; that he would act with a

high degree of good faith and honesty in handling the department's money. Appellant's position necessitated that he act with a high degree of honesty and good faith in handling the department's money. Such a relationship contains all the elements of a fiduciary relationship. *Showery v. State*, 678 S.W.2d 103 (Tex.App.—El Paso 1984, pet. ref'd). In *Showery*, the court noted that the consistent elements of a fiduciary and a fiduciary relationship under section 32.45 and the common layman's understanding of the terms, are a holding or dealing with the property of another with a duty of trust toward the beneficiary. *Id.* at 108. Applying the definition of fiduciary and fiduciary function to the charge of the court and the facts in the case, we find appellant was performing a fiduciary function when he collected the money from the bingo games and deposited it into the department's bank account. Any reasonable trier of fact could have found this fact beyond a reasonable doubt.

■ In our review, we also find the evidence sufficient to prove beyond a reasonable doubt that Whiteman and the Saginaw Volunteer Fire Department act as a fiduciary in regard to that part of the bingo proceeds that was to be paid to the State of Texas in the form of taxes. The collection of taxes implies a fiduciary duty. *Dixon v. State*, 808 S.W.2d 721, 723 (Tex.App.—Austin 1991, writ dism'd w.o.j.). Section 111.016 of the Texas Tax Code created a fiduciary relationship between the fire department and the state when it imposed on the department the duty of collecting the tax due from the bingo games and holding it in trust for payment at a designated time. TEX. TAX CODE ANN. § 111.016 (Vernon Supp.1996). Thus it seems evident that appellant was an employee performing a fiduciary function for a fiduciary. We, therefore, find the evidence, when viewed in the light most favorable to the verdict, to be sufficient to have convinced any reasonable trier of fact beyond a reasonable doubt that appellant did, in fact, misapply fiduciary property.

■ Having found the evidence legally sufficient, we will test the factual sufficiency of the evidence by viewing all the evidence in an impartial light to determine if the verdict is so against the great weight and preponderance of the evidence as to be a manifest and unjust verdict. *Stone*, 823 S.W.2d at 381. Under this standard of review, we note appellant's contention that no witness stated that he acted as a fiduciary. Appellant appears to argue that the words are in effect magic. We do not agree.

The jury in appellant's case was provided with a definition of the term, and they were instructed in the court's charge how to apply the law and the facts. The jury was free to draw from the evidence the conclusion that, in fact, appellant was either a fiduciary or he was acting on behalf of a fiduciary in a fiduciary capacity. The jury did not have to hear from the mouth of a witness that appellant was a fiduciary.

The appellant has cited the court to no other evidence that mitigates against the verdict, and we can find no other such evidence in the record. Thus, when viewed in an impartial light, we cannot find that the verdict was against the great weight and preponderance of the evidence, and we do not find that the verdict is manifestly unjust. The evidence is thus factually sufficient.

Having found the evidence to be both legally and factually sufficient, we will overrule appellant's sole point of error. The judgment is, therefore, affirmed.