



## MEMORANDUM OPINION

No. 04-09-00587-CR

Billy **WOMACK**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CR-7075
Honorable Juanita A. Vasquez-Gardner, Judge Presiding

Opinion by:  Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
            Karen Angelini, Justice
            Marialyn Barnard, Justice

Delivered and Filed: July 7, 2010

AFFIRMED

Billy Womack was indicted for misapplication of fiduciary property. After the trial court denied Womack's motion to quash the indictment, Womack pled no contest and was sentenced in accordance with a plea bargain agreement. In this appeal, we are asked to determine whether the trial court erred in concluding that an indictment tracking section 32.45 of the Texas Penal Code, proscribing misapplication of fiduciary property, was sufficiently specific. We affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Billy Womack, president of Alamo Grids Construction, contracted with Manuel and Gloria Hofilena to build their home. The Hofilenas paid Womack $10,000.00 in earnest money to begin the construction project.

The initial subcontractor failed to complete the excavation work according to specifications. Thereafter, Womack subcontracted the excavation work to Dirt Works. Before Womack hired Dirt Works, the Hofilenas' lending institution paid Womack $68,250.00 for the excavation of the site and other additional construction costs.

Although Womack paid Dirt Works $7,150.50, Dirt Works stopped work due to non-payment. Dirt Works claimed that the total amount due was $41,097.50. Womack refused to pay Dirt Works the remaining balance despite being instructed to do so by both the Hofilenas and their lending institution.

The contract between the Hofilenas and Womack stated that construction was to begin on October 4, 2007 and be completed by August 1, 2008. As of July 25, 2008, the only work actually completed was a partial excavation of the Hofilenas' property. The Hofilenas' lending institution paid Womack a total of $68,750.00. Taking into consideration the $7,150.50 paid to Dirt Works and the $11,250.00 that Womack reimbursed the Hofilenas, Womack failed to account for the remaining balance he was paid pursuant to the contract. As a result, Womack was indicted for misapplication of fiduciary property.

Womack filed a motion to quash the indictment, claiming it failed to sufficiently specify: (1) the theory under which he was a fiduciary; and (2) the transactions in which he allegedly misapplied funds. The trial court denied the motion, and Womack appeals.

**DISCUSSION**

Both the United States and Texas Constitutions set forth the right of an accused to be informed of the nature and cause of allegations made against him. U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; *Moff v. State*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004); *Daniels v. State*, 754 S.W.2d 214, 217 (Tex. Crim. App. 1988). This right of notice requires sufficient specificity to afford the accused the opportunity to investigate the accusations and establish a defense. *Moff*, 154 S.W.3d at 602. Thus, the charging instrument must similarly be specific enough to inform the accused of the nature of the allegation. *Id*. at 601. "The sufficiency of an indictment is a question of law," which is reviewed *de novo*. *Moff*, 154 S.W.3d at 601.

Generally, an indictment provides the accused with legally sufficient notice when it tracks the language of the penal statute in question. *Id*. at 602; *State v. Edmond*, 933 S.W.2d 120, 128 (Tex. Crim. App. 1996); *Bynum v. State*, 767 S.W.2d 769, 778 (Tex. Crim. App. 1989); *DeVaughn v. State*, 749 S.W.2d 62, 67 (Tex. Crim. App. 1988); *Daniels*, 754 S.W.2d at 218. In Texas, the State is not required to plead non-essential evidentiary facts, nor the manner and means of commission of an offense, to provide adequate notice to the defendant. *Daniels*, 754 S.W.2d at 218; *Showery v. State*, 678 S.W.2d 103, 108 (Tex. App.—El Paso 1984, pet. ref'd). Moreover, the definitions of statutorily-defined terms and elements are considered evidentiary, and need not be further alleged in the indictment. *Daniels*, 754 S.W.2d at 218.

An indictment for the misapplication of fiduciary property, pursuant to section 32.45 of the Texas Penal Code, must allege that (1) a person (2) intentionally, knowingly, or recklessly (3) misapplies (4) property he holds as a fiduciary or property of a financial institution (5) in a manner that involves substantial risk of loss (6) to the owner of the property or to a person for

whose benefit the property is held. *See* TEX. PEN. CODE § 32.45(b) (Vernon 2010); *Bynum*, 767 S.W.2d at 778.

In this case, the indictment stated:

On or about the 20th day of September, 2007, through on or about the 19th day of June, 2008 Billy Womack, hereinafter referred to as a defendant, did intentionally, knowingly, or recklessly misapply property namely: Lawful Currency of the United States of America, having an aggregate value of Twenty Thousand Dollars ($20,000.00) or more but less than One Hundred Thousand Dollars ($100,000.00), that the defendant held as a fiduciary or as a person acting in a fiduciary capacity, contrary to an Agreement Under Which the Defendant Held the Property, and in a manner that involved substantial risk of loss of the property to Gloria Hofilena and Manuel Hofilena, the owners of said property, and the persons for whose benefit the property was held, by accepting payment from Gloria and Manuel Hofilena and failing to perform construction as required by a contract, and all the amounts alleged were misapplied pursuant to one scheme or continuing course of conduct.

## 1. Fiduciary Relationship

Womack first attacks the sufficiency of the indictment on the grounds that it failed to adequately allege the theory under which he was a fiduciary. Specifically, Womack argues there are numerous statutory definitions of "fiduciary" under section 32.45 of the Texas Penal Code and the indictment should have specifically alleged the applicable definition.

Section 32.45 of the Code provides, in pertinent part:

(a) For purposes of this section:
(1) "Fiduciary" includes:
    (A) a trustee, guardian, administrator, executor, conservator, and receiver;
    (B) an attorney in fact or agent appointed under a durable power of attorney as provided by Chapter XII, Texas Probate Code;
    (C) any other person acting in a fiduciary capacity, but not a commercial bailee unless the commercial bailee is a party in a motor fuel sales agreement with a distributor or supplier, as those terms are defined by Section 153.001, Tax Code; and
    (D) an officer, manager, employee, or agent carrying on fiduciary functions on behalf of a fiduciary.

TEX. PEN. CODE § 32.45 (Vernon 2010). Womack argues that the only statutory provision that might apply to the factual situation of the present case is the first portion of section 32.45(a)(1)(C), defining a fiduciary as "any other person acting in a fiduciary capacity." TEX. PEN. CODE § 32.45(a)(1)(C). Womack contends this subsection is circular; therefore, referring to this definition would not provide sufficient specificity to put him on notice as to the fiduciary theory.

In response to Womack's argument, the State points out that the mere failure to specify one of the enumerated definitions of fiduciaries under section 32.45(a)(1) still leaves the accused with general recourse to the lay definition of the term. *Showery*, 678 S.W.2d at 108. A person need not be familiar with case law or treatises, but needs only to use a lay dictionary to discern the meaning of the term "fiduciary." *Starnes v. State*, 929 S.W.2d 135, 137 (Tex. App.—Fort Worth 1996, no pet.); *Talamantez v. State*, 790 S.W.2d 33, 35 (Tex. App.—San Antonio 1990, pet. ref'd). Therefore, in these circumstances, simply tracking the language of the statute is sufficient to notify an accused of the nature of the duty allegedly breached. *Showery*, 678 S.W.2d at 108.

Moreover, requiring the State to allege the details of the agreement would force the State to plead its evidence. *Romine v. State*, 722 S.W.2d 494, 501 (Tex. App.—Houston [14th Dist.] 1986), *pet. ref'd*, 747 S.W.2d 382 (Tex. Crim. App. 1988); *Daniels*, 754 S.W.3d at 218; *Showery*, 678 S.W.2d at 108. The indictment alleges that Womack held the property "in a fiduciary capacity, contrary to an Agreement Under Which the Defendant Held the Property, and in a manner that involved substantial risk of loss of the property to Gloria Hofilena and Manuel Hofilena." Clearly, the referenced agreement is the construction contract entered into by Womack and the Hofilenas pursuant to which Womack obtained the money he held as a

fiduciary. Requiring further details of the terms set forth in the agreement would be surplusage. *Kline v. State*, 737 S.W.2d 895, 898 (Tex. App.—Houston [1st Dist.] 1987, pet. ref'd) (finding no need for State to plead nature of agreement under which appellant held property).

### 2. Misapplication

Womack also attacks the indictment on the grounds that it failed to specify the transactions in which he allegedly misapplied funds. Specifically, Womack argues that because the indictment is based upon a number of separate transactions it would be unreasonable to require him to gather evidence and prepare a defense for each separate transaction without notice of which transactions are alleged to constitute a misapplication.

Womack bases this argument upon *Moff v. State*, 154 S.W.3d 599 (Tex. Crim. App. 2004). In *Moff*, the appellant was the chief appraiser for the county, and the indictment covered all money and credit card purchases made over a period of seven years. *Moff*, 154 S.W.3d at 600. The indictment alleged "that the illegal purchases occurred 'on or about and between January 1, 1993 and December 31, 1999.'" *Id*. The court held that the trial court did not err in quashing the indictment because it was unreasonable to require a defendant "to gather evidence and prepare a defense for each of the credit card and cash transactions he made during the seven-year time frame in the indictment." *Id*. at 603. Thus, the court held that under the particular factual situation in that case, the indictment's tracking of the language of section 32.45 of the Code was not sufficiently specific to fulfill the constitutional and statutory notice requirements. *Moff*, 154 S.W.3d at 603.

Unlike *Moff*, the indictment in the instant case covers only a period of approximately nine months. Moreover, the indictment identifies the Hofilenas and refers to the money paid pursuant

to Womack's contract with the Hofilenas. Accordingly, given the factual situation in this case, further specificity regarding the transactions involved was not required.

## CONCLUSION

The indictment properly tracked the language of section 32.45(b) of the Code and identified the property, the duty, the misapplication, and the owner or beneficiary with sufficient specificity. The indictment sufficiently informed Womack of his alleged misapplication of money paid to him pursuant to his contract with the Hofilenas. As a result, he had sufficient notice of the transactions alleged to be a misapplication of fiduciary property, thereby enabling him to prepare a defense. The trial court's judgment is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH